The Honorable Randy Laverty State Senator P.O. Box 165 Jasper, AR 72641
Dear Senator Laverty:
I am writing in response to your request for an opinion on the following questions:
 1. Does a city of the first class have any options other than a ballot initiative to increase the millage rate or otherwise raise funds for its police and fire retirement plans?
2. Can the city place a sunset clause on any of the available options?
RESPONSE
Question 1 — Does a city of the first class have any options other than aballot initiative to increase the millage rate or otherwise raise fundsfor its police and fire retirement plans?
I assume, in addressing this question, that the term "millage rate" has reference to the special property tax that may be levied for police and fire pension funds under the authority of Amendment 31 to the Arkansas Constitution. See also A.C.A. §§ 24-11-404 and 24-11-812 (the enabling legislation for Amendment 31, authorizing a tax not to exceed one (1) mill for police and fire pensions, respectively, following an election). I also assume that by the term "ballot initiative," you mean an election, i.e., a vote of the electors of the city.
It is my opinion that a millage rate established pursuant to Ark. Const. amend. 31 may not be increased without an election. Accord Op. Att'y Gen. 87-244. Amendment 31 is clear in requiring the "consent of the majority of those voting on the question" before the city may levy this property tax. A vote would certainly be required, in my opinion, to increase the millage, if the voters did not previously approve the full one (1) mill.
It is therefore my opinion that the answer to the first part of this question is "no." A vote of the city electors is required in order to increase the dedicated millage under Ark. Const. amend. 31. The city has no other option this regard.
With regard to the second part of your first question, although the wording is a little unclear, I am reading this to inquire whether the city has any options for raising funds for police and fire pension plans that would not involve holding an election. My research has disclosed no provision of state law directly addressing this question. I can speculate that a city might have some options in this regard. But a conclusive determination may depend upon the particular surrounding circumstances. For instance, one option may be to increase the city's general operating millage. See A.C.A. § 26-25-102. This assumes, however, that the city has not already levied the full five (5) mills that is constitutionally authorized. See Ark. Const. art. 12, § 5. Disciplinary fines may offer another potential source, at least with respect to a police pension fund. According to A.C.A. § 24-11-413, "forfeitures and fines imposed upon any member of the police department by way of discipline" must provide a supplemental source of contributions to a police pension and relief fund. The city may therefore wish to consider increasing any such fines for this purpose.
While it is therefore my opinion that an election may not be a prerequisite for any option a city might consider in connection with funding its police and fire retirement plan, this question is properly addressed to the city's local counsel who is better positioned to evaluate particular proposals.[1]
Question 2 — Can the city place a sunset clause on any of the availableoptions?
It is my opinion that the answer is "no" with regard to a pension fund millage levied pursuant to Ark. Const. amend. 31, supra. See Op. Att'y Gen. 2003-118. I am unable to address this question regarding any other options that the city might be considering, as this would require a case-by-case determination.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] I should perhaps also note that although you have not identified any current shortage in the plan, state law does not contemplate making up any shortage in an underfunded municipal police or fire pension fund.See A.C.A. §§ 24-11-416 and -807 (requiring that underfunded plans prorate the available funds among those entitled to payment under the plan). Seealso Op. Att'y Gen. 96-115. Local pension funds that become underfunded can, however, apply to the Arkansas Fire and Police Pension Guarantee Fund for financial assistance. See A.C.A. § 24-11-209.